UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: PETITION OF SABRINA HAM TO PERPETUATE TESTIMONY AND PRESERVE EVIDENCE PURSUANT TO FED. R. CIV. P. 27(a),<br><br>Petitioner. | Civil Action No. 2:26-mc-01077-BHH<br><br>**VERIFIED PETITION TO PERPETUATE TESTIMONY AND FOR AN ORDER TO PRESERVE EVIDENCE AND PERMIT INSPECTION OF PHYSICAL EVIDENCE PURSUANT TO FED. R. CIV. P. 27(a)** |

**COMES NOW** Petitioner Sabrina Ham (hereinafter "Petitioner"), by and through undersigned counsel, respectfully submits this Verified Petition pursuant to Federal Rule of Civil Procedure 27(a) for an order perpetuating testimony, preserving evidence, and authorizing inspection of evidence in the possession, custody, or control of the United States of America, acting through the United States Department of the Navy and the Naval Information Warfare Center Atlantic (the Department of the Navy and the Naval Information Warfare Center Atlantic are referred to collectively as the "Navy," and, together with the United States of America, as the "Expected Adverse Parties"), and shows unto this Court the following:

## INTRODUCTION

1. On or about July 7, 2026, Petitioner was lawfully present at 1545 Truxtun Avenue, North Charleston, Charleston County, South Carolina (the "Premises"), as a business invitee, performing work within the course and scope of her employment with Fathom 4, LLC, which required her presence at the Premises.

2. Upon information and belief, the Navy was in possession of the Premises as a tenant and/or lessee at all times relevant to this Petition. Upon information and

belief, the terms of the Navy's control of the Premises and its obligations to business invitees are governed, in part, by the terms of a lease agreement, which Petitioner has not seen.

3. As of July 7, 2026, the Premises contained a chain guardrail whose connection to its supporting pole had become loose, weakened, corroded, improperly secured, and/or of insufficient length (the "Condition"). On July 7, 2026, while Petitioner was resting against the chain guardrail, in a manner routinely and habitually engaged in by employees and other individuals lawfully on the Premises, including in the presence of Navy personnel, the connecting hardware failed and the chain guardrail separated from its supporting pole, causing Petitioner to fall and sustain serious injuries to her head, back and spine, including injuries requiring surgical fusion of three vertebrae.

4. The chain guardrail, its supporting pole, and the connecting hardware between them (collectively, the "Evidence") constitute the central physical evidence bearing on the mechanism of Petitioner's fall and the existence of the Condition at the time of the incident. Upon information and belief, additional relevant evidence may be in the possession of the Navy, including photographs, surveillance footage, investigation reports, maintenance records, replacement records, and warning signage.

5. By letter dated July 10, 2026, and delivered to the Department of the Navy on July 20, 2026, undersigned counsel notified the Navy of Petitioner's pending claim and expressly identified the chain guardrail and any related documents and records as evidence to be preserved in its then-existing condition. See Ex. 1; July 10 Preservation Letter; Ex. 2; USPS Tracking.

6. The July 10 letter specifically identified "any and all pieces/parts of the chain fence from the date of the incident, including but not limited to the screws and 'loop' and/or other parts that connected the chain to the pole". See Ex. 1. Additionally, the letter contained a photograph of the exact chain guardrail at issue. See *id*.

7. On July 23, 2026, undersigned counsel communicated directly with counsel for NIWC Atlantic, Nicole D. Bryson, Esq., regarding Petitioner's reasonably anticipated litigation and the Navy's attendant duty to preserve the Evidence, and thereafter served Ms. Bryson by email with a copy of the July 10, 2026 preservation letter. Undersigned counsel followed up again on July 27, 2026. See Ex. 3; Email Communications with Bryson.

8. Notwithstanding this actual, repeated notice, on or about August 6, 2026, warning signage was installed on and zip-tied directly to the chain guardrail at the employee commons area[1] — the very guardrail identified in Petitioner's July 10, 2026, preservation letter — establishing that the Navy or its agents accessed and physically altered the Evidence after receiving actual notice that it was evidence material to a pending claim. No warning signage was present on the chain guardrail at the time of Petitioner's fall.

9. On August 17, 2026, undersigned counsel received communication from counsel for the Naval Litigation Office, Larra J. Pleasant, Esq., in which Ms. Ham's preservation letter and demand for inspection were acknowledged. Specifically, Ms.

[1] The area referred to herein as the "Employee Commons" occupies what was formerly used as a loading dock. Upon information and belief, the Navy and/or NIWC Atlantic no longer use this area for loading or unloading operations along the section that Petitioner was occupying at the time of the accident; it is now permanently enclosed by chain guard-rail fencing and used by personnel for lockers, breaks, and other personal, non-operational purposes.

Pleasant reiterated that Ms. Ham's preservation letter related to "the chain link fence located at the loading dock." See Ex. 4; August 17 Communication From DON.

10. The August 17 communication also directed that any further requests for information, documents, and site inspections be submitted through 32 C.F.R. part 725. See *id*. Ms. Ham complied with this request on September 3, 2026, and as of the date of this petition has not received any response from the Navy. See Ex. 5; September 3 Request for inspection.

11. Upon information and belief, based on photographs that co-workers provided to Petitioner after her fall, the connecting hardware between the chain guardrail and the supporting pole, which is the same hardware Petitioner contends was defective and caused her fall, has been removed, replaced, re-fastened, or otherwise altered since July 7, 2026. Petitioner does not know when, by whom, or in what manner that work was performed. Nor can she presently authenticate those photographs, confirm when they were taken, or confirm that they depict the same hardware, because the Premises, the Evidence, and the related records are within the Navy's control. Petitioner identifies these allegations as likely to have evidentiary support after a reasonable opportunity for inspection and discovery. Fed. R. Civ. P. 11(b)(3).

12. By letter dated September 9, 2026, undersigned counsel again notified the Navy's General Counsel of the ongoing alteration of the Evidence, demanded a complete accounting in writing by September 11, 2026, of all work performed on the chain guardrail and employee commons since July 20, 2026, and demanded written confirmation that no further work would be performed pending Petitioner's inspection.

Upon information and belief, the Navy did not fully comply with that demand. See Ex. 6; September 9 Letter to DON.

13. Upon information and belief, the Navy has physical custody and control of, and day-to-day access to, the Premises and the Evidence, and the Evidence, or portions of it, may still exist such that it can and should be inspected and preserved.

**PARTIES**

14. Petitioner Sabrina Ham is, and at all times relevant hereto was, a resident of Berkeley County, South Carolina.

15. The United States of America is a proper defendant in the anticipated action under the Federal Tort Claims Act. 28 U.S.C. § 2679(a). Service upon the United States is to be made pursuant to Fed. R. Civ. P. 4(i)(1) upon the United States Attorney for the District of South Carolina, Wells Fargo Building, 1441 Main Street, Suite 500, Columbia, SC 29201, and upon the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

16. Expected Adverse Party United States Department of the Navy is a military department within the United States Department of Defense, established under 10 U.S.C. § 8013. Its address is General Counsel of the Navy, Naval Litigation Office, 720 Kennon St., SE, Bldg 36, Room 233, Washington Navy Yard, DC 20374.

17. Expected Adverse Party Naval Information Warfare Center Atlantic ("NIWC Atlantic") is a subordinate command and field activity of the Department of the Navy. Its address for purposes of this Petition is c/o General Counsel of the Navy, Naval Litigation Office, 720 Kennon St., SE, Bldg 36, Room 233, Washington Navy Yard, DC 20374.

18. Upon information and belief, at all times relevant hereto, NIWC Atlantic occupied, used, and exercised physical custody and control over the portion of the premises located at 1545 Truxtun Avenue, North Charleston, Charleston County, South Carolina (the "Premises"), pursuant to a lease, license, or use agreement between the Department of the Navy and SCDOC, the record owner, the terms of which are unknown but will be discovered.

19. The Department of the Navy and NIWC Atlantic are identified as expected adverse parties because they have custody and control of the Premises and the Evidence from which inspection and preservation are sought; the anticipated FTCA action will be brought against the United States of America. No relief is sought against any individual officer or employee in an individual capacity.

**JURISDICTION AND VENUE**

20. Venue for this Petition is proper in this Court under Fed. R. Civ. P. 27(a)(1), which directs that a petition to perpetuate testimony be filed "in the district court for the district where any expected adverse party resides." Expected Adverse Party NIWC Atlantic resides, and conducts its command functions, within the District of South Carolina, Charleston Division, where the Premises are also located.

21. Venue is independently proper under 28 U.S.C. § 1391(e)(1), which governs civil actions against agencies and officers of the United States, because NIWC Atlantic resides in this district, a substantial part of the events giving rise to Petitioner's anticipated claim occurred in this district, and Petitioner resides in this district. Venue for the anticipated FTCA action would likewise be proper in this district under 28 U.S.C. § 1402(b).

22. The anticipated Federal Tort Claims Act action for which Petitioner seeks to perpetuate testimony and evidence is a matter cognizable in a United States court: the district courts have exclusive subject-matter jurisdiction over such claims pursuant to 28 U.S.C. § 1346(b)(1).

## RULE 27(a) SHOWING

### I. Petitioner expects to be a party to a cognizable action but cannot presently bring it or cause it to be brought.

23. Petitioner expects to be a plaintiff in an action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq., arising from the acts and omissions of the Navy, seeking damages for the personal injuries she sustained on July 7, 2026.

24. An action under the FTCA is a matter cognizable in a United States court, as the district courts have exclusive subject-matter jurisdiction.

25. Petitioner presented her administrative claim (Standard Form 95) to the Department of the Navy on August 24, 2026. The FTCA bars suit until a claimant has obtained either a final denial in writing or the expiration of six months without a final disposition. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

26. As of the date of this Petition, the mandatory six-month administrative exhaustion period under 28 U.S.C. § 2675(a) has not yet elapsed, and no final written denial has issued. Petitioner is therefore presently unable to bring the anticipated FTCA action in this or any other Court. See Ex. 7; FTCA Communication.

### II. The subject matter and Petitioner's interest.

27. The subject matter of the expected action is: Petitioner's claim that employees of the Navy, acting within the scope of their employment, negligently

inspected, maintained, and/or repaired the chain guardrail and its connecting hardware located on the Premises, and/or failed to warn of the Condition, resulting in the chain guardrail separating from its supporting pole and causing Petitioner to fall and sustain serious injuries, including injuries requiring surgical fusion of three vertebrae.

28. Petitioner's interest in the expected action is that of the injured party who intends to seek damages against the United States of America and any other liable party arising from the July 7, 2026 incident.

## III. Expected adverse parties and their addresses.

29. The United States of America is expected to be the defendant in the anticipated FTCA action. Its address for service is set forth in the Parties section above.

30. The United States Department of the Navy is expected to be an adverse party as the federal agency with custody and control of the Evidence. Its address is General Counsel of the Navy, Naval Litigation Office, 720 Kennon St., SE, Bldg 36, Room 233, Washington Navy Yard, DC 20374.

31. NIWC Atlantic is expected to be an adverse party in its capacity as the Navy command with direct custody and control of the Premises. Its address for purposes of this Petition is c/o General Counsel of the Navy, Naval Litigation Office, 720 Kennon St., SE, Bldg 36, Room 233, Washington Navy Yard, DC 20374.

## IV. Facts Petitioner wants to establish and the reason to perpetuate them.

32. Petitioner seeks to establish, and to perpetuate evidence of, the following facts, each of which is threatened by the alteration of the Evidence, the passage of time, or the potential unavailability of witnesses:

a) The condition of the chain guardrail, supporting pole, and connecting hardware immediately before and after July 7, 2026;

b) The dates on which the chain guardrail, supporting pole, connecting hardware, or related signage was inspected, accessed, removed, repaired, replaced, or altered after the incident, and the identity and actions of the persons who did so;

c) The current location, custody, and condition of any removed or replaced component of the Evidence;

d) The existence and location of contemporaneous photographs, video, inspection records, maintenance records, and work orders concerning the Evidence; and

e) The observations of identified eyewitnesses concerning the incident and the condition of the chain guardrail.

33. Perpetuation of this testimony and evidence is necessary because, as set forth above, the Navy or its agents altered the chain guardrail by installing signage on it after receiving written notice to preserve it, and, upon information and belief, the connecting hardware has also been altered at a time Petitioner cannot presently determine. The Navy's actions have already substantially and materially prejudiced Petitioner. Absent this perpetuation of testimony and evidence, she faces the very real risk of being prejudiced even further.

## V. Evidence to be inspected, inspection protocol, and preservation order

34. Rule 27(a)(3) provides that, upon finding that perpetuation may prevent a failure or delay of justice, the court "may issue orders like those authorized by Rules 34 and 35" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 27(a)(3).

35. Petitioner seeks an order permitting Petitioner, her counsel, and her retained expert(s) to enter upon the portion of the Premises consisting of the employee commons area, including the chain guardrail, its supporting poles, and the connecting hardware along the open edge of the former loading dock, and to inspect, measure, photograph, video record, and conduct non-destructive examination of the chain guardrail, supporting pole, connecting hardware, and any associated signage, subject to the following protocol:

a) The inspection shall occur on a date and time agreed by counsel for the parties or, absent agreement, as set by the Court, upon reasonable advance written notice;

b) The inspection shall be of reasonable duration, as agreed by counsel or ordered by the Court;

c) Attendance shall be limited to Petitioner's counsel, Petitioner's retained expert(s), and representatives of the Expected Adverse Parties, who may attend and observe;

d) All attendees shall comply with the Navy's reasonable safety, security, and installation-access requirements, and Petitioner shall provide the names of all attendees reasonably in advance of the inspection, as required by the Navy's installation-access procedures;

e) All testing shall be non-destructive; no component shall be removed, disassembled, or altered absent agreement of the parties or further order of the Court; and

f) Petitioner shall provide copies of all photographs and video taken during the inspection to counsel for the Expected Adverse Parties upon request.

36. Petitioner further seeks an order, pursuant to Rules 27(a)(3) and 34, directing the production of the following documents, electronically stored information, recordings, and tangible things, each of which relates directly to the condition, alteration, preservation, or identification of the Evidence:

a) All inspection, maintenance, repair, and work-order records for the chain guardrail, supporting pole, and connecting hardware at the Premises, for the period from July 7, 2023 through the present;

b) All documents, communications, work orders, purchase orders, and invoices concerning the installation of the warning signage on or about August 6, 2026, and any repair, replacement, or alteration of the chain guardrail, supporting pole, or connecting hardware on or after July 7, 2026;

c) All photographs, videos, drawings, diagrams, or other depictions of the chain guardrail, supporting pole, and connecting hardware, both before and after July 7, 2026; and

d) Documents sufficient to identify the current location and custodian of any component of the Evidence that has been removed or replaced since July 7, 2026, and any chain-of-custody records for such components.

37. Such relief is warranted because the Evidence is not merely at risk of loss; it has already been altered. On or about August 6, 2026, after receiving written notice to preserve the chain guardrail in its then-existing condition, the Navy or its agents installed signage directly on it. In addition, the connecting hardware appears to have been altered at a time, and by persons, that Petitioner cannot presently determine. Absent inspection and an order preserving what remains, including any removed components, Petitioner faces a continuing and concrete risk of losing the ability to establish the condition of the Evidence at the time of her fall.

38. An order permitting immediate inspection, together with an order directing the Navy to preserve the Evidence and to refrain from further repair, replacement, removal, or alteration of the Evidence pending that inspection, is the minimum relief necessary to prevent the failure or delay of justice that Rule 27 is designed to avoid.

39. Specifically, Petitioner requests a focused preservation order requiring the Navy, and its agents, contractors, and employees, to:

a) Preserve the chain guardrail, supporting pole, chain, connectors, fasteners, signage, and any removed or replaced component of the Evidence;

b) Preserve all photographs, videos, inspection reports, maintenance records, work orders, communications, and other materials concerning the Evidence;

c) Maintain a written chain of custody for any component of the Evidence that has been, or is hereafter, removed;

d) Provide Petitioner's counsel with at least 30 business days' advance written notice before any further non-emergency alteration, removal, replacement, or repair of the Evidence; and

e) Permit immediate preservation photography and inspection under the protocol set forth above.

40. Nothing in the requested order would prevent the Navy from taking measures necessary to address an immediate safety hazard, provided that the Navy photographs and documents the condition of the Evidence before any such work, preserves any removed component, and notifies Petitioner's counsel as soon as practicable.

**VI. The identity and expected testimony of each deponent.**

41. Petitioner requests leave to depose the following persons, whose expected testimony is limited to matters threatened by alteration of the Evidence, fading memory, or unavailability:

a) Emily Harrison Williams and Catherine Dillon, employees of the Navy, and Mark Larmony, an employee of a civilian contractor to the Navy, each of whom was present at the time of Petitioner's fall on July 7, 2026, and is expected to testify concerning the incident and the condition of the chain guardrail and connecting hardware immediately before and after the fall. Each may be contacted for purposes of this Petition c/o General Counsel of the Navy, Naval Litigation Office, 720 Kennon St., SE, Bldg 36, Room 233, Washington Navy Yard, DC 20374. Petitioner requests that the Navy be directed to make Emily Harrison Williams and Catherine Dillon

available for deposition and to arrange, through its contractor, the appearance of Mark Larmony; to the extent the Navy cannot secure that appearance, Petitioner requests leave to compel Mark Larmony's attendance by subpoena under Fed. R. Civ. P. 45;

b) Richard Drummond, Austin Cain, and Ray Brown, employees of the Navy, and Zachary Collins, Joseph Cornish, and Aaron NeSmith, employees of civilian contractors to the Navy, all of whom have knowledge of common usage, prior defects, and prior incidents involving the chain guardrail.

c) Any employees or contractors (whose names are currently unknown to Petitioner) who installed the warning signage on or about August 6, 2026, and/or accessed, repaired, replaced, or altered the Evidence after July 7, 2026, and who are expected to testify concerning the condition of the Evidence at that time, the work performed, who directed it, and the disposition of any removed component;

d) The Navy employee(s) or contractor(s) (whose names are currently unknown to Petitioner) responsible for inspecting and maintaining the chain guardrail, who are expected to testify concerning the condition of the chain guardrail and connecting hardware before July 7, 2026, and any post-incident inspection; and

e) A designated representative of the Navy under Fed. R. Civ. P. 30(b)(6), limited to: (i) the identity of the persons who inspected, accessed, removed, repaired, replaced, or altered the Evidence, or installed signage on it, after July 7, 2026; (ii) the current location, custody, and condition of

any removed component; and (iii) the existence and location of photographs, video, inspection records, maintenance records, and work orders concerning the Evidence.

42. To the extent Petitioner cannot presently identify by name and address any person described in subparagraphs (b) and (c) above, that information is, upon information and belief, within the Navy's possession or reasonably available to it. Petitioner accordingly requests that the Court direct the Navy to disclose, within 14 days, the name, title, and business address of each such person, so that Petitioner may supplement this Petition with the name, address, and expected testimony of each proposed deponent before any such deposition proceeds. The deposition described in subparagraph (d) is requested because the individual witnesses to the post-incident alteration of the Evidence cannot presently be identified.

**REQUEST FOR EARLIEST AVAILABLE HEARING AND INTERIM PRESERVATION**

43. Fed. R. Civ. P. 27(a)(2) requires that the Petition and notice of the hearing be served on each expected adverse party at least 21 days before the hearing date. Petitioner will promptly serve the Petition and notice of hearing on the Expected Adverse Parties in the manner provided by Rule 4(i), and respectfully requests that the Court set this matter for hearing on the earliest date consistent with that 21-day requirement.

44. Given the continuing risk of spoliation described above, Petitioner further requests narrowly tailored interim relief directing the Navy to preserve the Evidence, as described in Section V above, and to refrain from any further non-emergency repair, replacement, removal, or alteration of the Evidence pending the hearing on this Petition.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an order:

1. Authorizing Petitioner to take the depositions of the persons identified in Section VI above, limited to the subjects described therein, including a deposition under Fed. R. Civ. P. 30(b)(6) of a designated representative of the Navy limited to the topics identified in Section VI, and directing the Navy to make available for deposition, or to arrange through its contractor the appearance of, the witnesses identified in Section VI(a);

2. Permitting Petitioner, her counsel, and her retained expert(s) to enter upon the Premises and inspect, measure, photograph, and document the Evidence under the inspection protocol described in Section V above;

3. Directing the Navy and NIWC Atlantic to produce the documents, recordings, electronically stored information, and tangible things identified in Section V above;

4. Directing the Navy and NIWC Atlantic, and their respective agents, contractors, and employees, to preserve the Evidence and related materials, and to refrain from further non-emergency repairing, replacing, removing, or otherwise altering the Evidence, on the terms described in Section V above, pending completion of the inspection authorized above and further order of the Court;

5. Directing the Navy to disclose the name, title, and business address of each person described in Section VI whose identity or address is not presently known to Petitioner;

6. Setting this Petition for hearing on the earliest date consistent with Fed. R. Civ. P. 27(a)(2), and granting interim preservation relief pending that hearing; and

7. Granting such other and further relief as the Court deems just and proper.

(Signature on Following Page)

BREWER LAW FIRM, LLC

***/s/ Barrett Brewer***

________________________________________
Barrett Brewer, Esq. (Fed No. 8081)
Kylie O'Donnell, Esq. (Fed No. 14838)
P.O. Box 1847
510 Mill Street #2B (29464)
Mount Pleasant, SC 29465
o: (843) 779-7454
f: (843) 779-7456
e: barrett@brewerlawfirmsc.com
e: kylie@brewerlawfirmsc.com
Attorneys for the Petitioner

September 25, 2026
Charleston, South Carolina
Verification: This Petition is verified by the Declaration of Sabrina Ham, executed under 28 U.S.C. § 1746 and attached as Exhibit 8. Facts known principally to counsel are supported by the Declaration of Kylie O'Donnell, Esq., attached as Exhibit 9.